1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B., by and through his guardians ad litem, Adam Billiet and Corrie Billiet,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>TUOLUMNE COUNTY SUPERINTENDENT OF SCHOOLS, et al.,<br><br>    Defendants and Counter-Claimants. | Case No.  1:19-cv-0858-NONE-EPG<br><br><br>ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM WITHOUT PREJUDICE<br><br>(ECF No. 98) |

On June 19, 2019, Plaintiff J.B. ("Plaintiff"), a minor, by and through his guardians, Adam Billiet and Corrie Billiet, filed this action under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.*. (ECF No. 1.) Currently before the Court is Plaintiff's motion to appoint Corrie Billie as his guardian ad litem. (ECF No. 98.) Because the application does not comply with Local Rule 202, the Court will deny the application without prejudice.

**I.      LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

(a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a

1

minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

. . .

(c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.      DISCUSSION

The motion was filed on July 16, 2021,[1] and states that Plaintiff J.B. is eleven years old and a minor. J.B. has no guardian of his estate and no previous motion for appointment of a guardian ad litem has been filed in this matter. The proposed guardian ad litem, Corrie Billiet,[2] has custody of J.B. and is his adoptive mother. Corrie Billiet is fully competent and responsible, she is qualified to understand and protect J.B.'s rights, and she has no interest adverse to the interests of J.B. Corrie Billiet is willing to act as guardian ad litem and provides written consent to appointment.

The motion does not comply with Local Rule 202(c). Although Plaintiff J.B. has appeared through counsel in this matter, the motion does not disclose the terms under which the attorney

---

[1] Local Rule 202 provides that, "[u]pon commencement of an action[,]" the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary. E.D. Cal. L.R. 202(a). Plaintiff's motion was not filed until more than two years after this case was commenced. Counsel for Plaintiff does not address the reasons for the delay, if any.

[2] Although the complaint states that the action is brought by J.B. by and through his parents, Adam Billiet and Corrie Billiet, the motion only seeks to appoint Corrie Billiet as J.B.'s guardian ad litem. (*See* ECF Nos. 1, 98.)

was employed; whether the attorney became involved in the application at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in any relationship to Defendants; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. E.D. Cal. L.R. 202(c). The Court will therefore deny the application without prejudice to refiling an application that complies with Local Rule 202.

## III.    CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion to appoint Corrie Billiet as guardian ad litem for J.B. (ECF No. 98) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 19, 2021**                              /s/ Erica P. Grosjean

                                                        UNITED STATES MAGISTRATE JUDGE

3