1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11
12

J.B., by and through his guardian ad litem, Corrie Billiet,

Plaintiff and Counter-Defendant,

13

v.

14
15

TUOLUMNE COUNTY SUPERINTENDENT OF SCHOOLS, et al.,

16
17

Defendants and Counter-Claimants.

Case No.  1:19-cv-0858-NONE-EPG

ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM

(ECF No. 101)

18
19
20
21
22

On June 19, 2019, Plaintiff J.B. ("Plaintiff"), a minor, by and through his guardians, Adam Billiet and Corrie Billiet, filed this action under the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). (ECF No. 1.) Currently before the Court is Plaintiff's motion to appoint Corrie Billiet[1] as his guardian ad litem. (ECF No. 101.) For the following reasons, the Court will grant the application.

23

**I.      SUMMARY OF MOTION**

24
25
26

Plaintiff filed his motion to appoint Corrie Billiet as his guardian ad litem on July 21, 2021. (ECF No. 101.) The motion states that Plaintiff J.B. is eleven years old and a minor. (ECF No. 101 at 2.) Plaintiff's claims against Defendants Tuolumne County Superintendent of Schools

27
28

---

[1] Although the operative complaint also names Adam Billiet as Plaintiff's guardian ad litem, the motion only seeks to appoint Corrie Billiet as guardian ad litem.

1

and Curtis Creek Elementary School District ("Defendants") arise under 20 U.S.C. § 1415 for a partial appeal of a special education due process hearing. (*Id.*) Plaintiff does not have a guardian of his estate.[2] (*Id.*) The proposed guardian ad litem, Corrie Billiet, has custody of Plaintiff and is his adoptive mother. (*Id.*) Corrie Billiet is fully competent and responsible, qualified to understand and protect Plaintiff's rights, and has no interest adverse to Plaintiff's interest. (*Id.*) Corrie Billiet is willing to act as guardian ad litem and has provided written verification of the motion and consent to appointment. (*Id.* at 2-3.)

Jay T. Jambeck, counsel for Plaintiff, submits a declaration in support of the motion. (ECF No. 101-1.) According to Mr. Jambeck's declaration, Leigh Law Group, P.C. was retained by Plaintiff's adoptive parents on approximately June 4, 2019, to prosecute and defend an appeal of the due process proceeding at issue in this action. (*Id.* at 2.) Leigh Law Group, P.C. was paid "an initial flat fee [with] the remainder of hourly fees incurred to be recovered upon prevailing or settlement." (*Id.*) Plaintiff's counsel is being fully reimbursed from the settlement of this action, pending the Court's approval. (*Id.*) Leigh Law Group, P.C. and its agents are not involved in the motion or any other aspect of this litigation due to Defendants' actions. (*Id.*) Leigh Law Group, P.C. was retained solely by Plaintiff's adoptive parents. (*Id.*) Leigh Law Group, P.C. and its agents do not have any relationship to a Defendant in this action. (*Id.*) Leigh Law Group, P.C. does not expect to obtain any compensation from this litigation other than as set forth in the previously-filed motion to approve minor's compromise. (*Id.*)

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a

---

[2] Although the motion states that no previous motion for appointment of a guardian ad litem has been filed, Plaintiff previously filed a motion to appoint Corrie Billiet as his guardian ad litem on July 16, 2021. (ECF No. 98.) The Court denied the motion without prejudice because it did not comply with the requirements of Local Rule 202(c) regarding disclosure of an attorney's interests. (ECF No. 100.)

1    motion for the appointment of a guardian ad litem by the Court, or, (3) a
showing satisfactory to the Court that no such appointment is necessary to
2    ensure adequate representation of the minor or incompetent person. See Fed.
R. Civ. P. 17(c).
3            . . .

4    (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is
represented by an attorney, it shall be disclosed to the Court by whom and the
5    terms under which the attorney was employed; whether the attorney became
involved in the application at the instance of the party against whom the
6    causes of action are asserted, directly or indirectly; whether the attorney
stands in any relationship to that party; and whether the attorney has received
7    or expects to receive any compensation, from whom, and the amount.

8    E.D. Cal. L.R. 202.

9          The decision to appoint a guardian ad litem "must normally be left to the sound discretion

10  of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986). Fit

11  parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57,

12  66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent

13  conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who

14  has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also*

15  *Brown v. Alexander*, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent

16  who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court

17  often appoints the parent as guardian ad litem upon receipt of an ex parte application without

18  exercising much discretion.") (citation omitted).

19       **III.   DISCUSSION**

20          Plaintiff is a minor and lacks capacity to sue under California law. Therefore, appointment

21  of a guardian ad litem is necessary and appropriate. The application complies with Local Rule

22  202(c)'s requirements for disclosure of the attorney's interests. Plaintiff is bringing claims against

23  school districts under the IDEA. There does not appear to be any conflict of interest between

24  Plaintiff and the proposed guardian ad litem. Additionally, as Plaintiff's mother, Corrie Billiet is

25  presumed to act in the minor plaintiff's best interests and there is nothing to undermine that

26  presumption. The Court will follow the general presumption and allow Plaintiff's parent to act as

27  guardian ad litem.

28  ///

**IV.     CONCLUSION AND ORDER**

  For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion to appoint Corrie Billiet as guardian ad litem (ECF No. 101) is GRANTED. Corrie Billiet shall serve as guardian ad litem for Plaintiff in this action.

IT IS SO ORDERED.

  Dated:   __July 22, 2021__        ____/s/_____

                 UNITED STATES MAGISTRATE JUDGE

4