UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B., by and through his guardians ad litem, Adam Billiet and Corrie Billiet,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY SUPERINTENDENT OF SCHOOLS, et al.,<br><br>Defendants. | Case No. 1:19-cv-00858-EPG<br><br>ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF A MINOR'S CLAIM<br><br>(ECF Nos. 89, 92) |

Before the Court is a motion to approve the settlement of a minor's claim filed by Plaintiff J.B. ("Plaintiff"), by and through his guardians ad litem Adam and Corrie Billiet.[1] (ECF Nos. 89, 92.) The parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes, including entry of final judgment. (ECF Nos. 95-97.)

Having considered the motion, the terms of the settlement, and the record in this matter, and as explained further below, the Court finds the proposed settlement to be fair and reasonable and in Plaintiff's best interests. Thus, the Court will grant the motion.

///

///

---

[1] The motion was filed by Plaintiff by and through his parents and guardians ad litem Adam and Corrie Billiet. (*See* ECF Nos. 1, 89, 92.) However, only Corrie Billiet has been appointed by the Court as Plaintiff's guardian ad litem. (ECF No. 101.)

1

## I. BACKGROUND

Plaintiff commenced this action on June 19, 2019. (ECF No. 1.) Plaintiff appeals from a due process hearing and decision under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (*Id.*) Plaintiff contends that the decision of the California Office of Administrative Hearings ("OAH") erred in several ways and should be overturned in part. (*Id.*) Defendants Tuolumne County Superintendent of Schools and Curtis Creek Elementary School District ("Defendants") cross-appealed, also arguing that the OAH decision erred in several ways and should be overturned in part. (ECF No. 8.)

The parties filed cross-motions for summary judgment on October 25, 2019. (ECF Nos. 37, 40.) On June 18, 2020, the Court entered findings and recommendations recommending that the Administrative Law Judge's ("ALJ") decision be affirmed in part and reversed in part. (ECF No. 72.) The parties each filed objections and responses thereto. (ECF Nos. 73-74, 76-77.)

On March 31, 2021, District Judge Dale A. Drozd entered an order adopting the findings and recommendations in part, affirming the ALJ's decision in part, and ordering additional remedies. (ECF No. 83.) Judge Drozd further directed the parties to file supplemental briefing regarding the number of hours of educational therapy or specialized academic instruction Defendants were required to fund. (*Id.* at 27.) On April 14, 2021, the parties filed a stipulation requesting to delay the deadline for supplemental briefing because they were engaged in settlement discussions. (ECF No. 84.) Judge Drozd approved the stipulation on April 15, 2021. (ECF No. 85.) Plaintiff filed a notice of settlement and a corrected notice of settlement on April 20, 2021. (ECF Nos. 86, 87.) The Court vacated all pending deadlines and directed the parties to file a motion for approval of minor's compromise pursuant to Local Rule 202 by June 4, 2021. (ECF No. 88.)

Plaintiff filed the underlying motion for approval of minor's compromise on June 1, 2021.[2] (ECF No. 89.) Defendants did not file an opposition or other response to the motion.

///

---

[2] The same day, Plaintiff filed an amended notice of motion. (ECF No. 92) In the original motion and supporting memorandum of points and authorities, Plaintiff requested that the settlement funds allocated to him be paid to his attorneys' client trust account for further payment to the special needs trust. (ECF Nos. 89, 90 at 4-5.) In the amended motion, Plaintiff requests that those funds be paid directly to the special needs trust once established. (ECF No. 92.)

On July 2, 2021, the Court held a hearing on the motion by Zoom videoconference. (ECF No. 94.) Counsel Mandy Leigh and Jay Jambeck appeared on behalf of Plaintiff. (*Id.*) Plaintiff's parents, Adam and Corrie Billiet, also appeared. (*Id.*) Counsel Marcella Gutierrez and Tilman Heyer appeared on behalf of Defendants. (*Id.*) The parties were granted leave to file supplemental briefing by July 16, 2021. (*Id.*)

Plaintiff filed supplemental briefing in support of the motion on July 16, 2021. (ECF No. 99.) On July 23, 2021, Defendants filed a notice of non-opposition to the supplemental briefing. (ECF No. 103.)

## II.     TERMS OF THE SETTLEMENT

Plaintiff is currently placed at the Judge Rotenberg Educational Center ("JREC") in Canton, Massachusetts. (ECF No. 90 at 2.) At the hearing on the motion, Plaintiff's parents and counsel reported that Plaintiff was improving in his current placement. JREC is providing Plaintiff comprehensive care and the treatment and services he is receiving are working well for him. Plaintiff's parents report that he has been safely transitioned off of his medications and his behaviors have improved while at JREC.

In light of this placement, pursuant to the settlement, Defendants have agreed to pay a lump sum payment in the amount of $575,000.00 in compromise of Plaintiff's IDEA claims. (ECF No. 99-2 at 6.) Defendants shall place $40,000.00 from the settlement fund in a special needs trust within ten business days from approval from the Superior Court of California for the County of Tuolumne. (*Id.* at 7.) The $40,000.00 fund will be available for specified educational expenses incurred by Plaintiff's parents continuing through two years after Plaintiff earns a certificate of completion or receives a high school diploma or high school equivalency diploma, or Plaintiff's 24th birthday, whichever is first. (*Id.*) After that time, any remaining amount will revert back to Defendants. (*Id.*) The remaining $535,000.00 from the settlement fund will be paid allocated to reimbursement for Plaintiff's attorneys' fees and costs. (*Id.*)

## III.    LEGAL STANDARDS

A compromise or settlement of a claim by a minor is not effective unless it is approved by the Court. E.D. Cal. L.R. 202(b). Under Local Rule 202(b)(2), a motion for approval of a proposed settlement

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

*Id.* Additionally, under Local Rule 202(e),

> Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]

*Id.* at 202(e).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  As part of the inquiry, the district court is required to evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182. However, in *Robidoux,* the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### IV. DISCUSSION

According to the motion, Plaintiff is a fourteen-year old male minor child with significantly impairing disabilities. (ECF No. 90 at 1.) Plaintiff was a student in Defendants' schools and this action arises from an appeal and cross-appeal of an OAH due process proceeding under the IDEA concerning the educational placement of and services Defendants provided to

4

Plaintiff. (*Id.*; *see also* ECF No. 83.) On appeal, this matter was heavily briefed and argued, resulting in an order upholding the OAH decision in part and reversing it in part to provide additional remedies resulting from Defendants' denials of a Free and Appropriate Education under the IDEA. (ECF No. 90 at 2.) Defendants' cross-appeal was not successful. (*Id.*)[3]

The parties engaged in formal mediation with the Honorable Howard Matz (Ret.) on April 30, 2020, but the case did not settle at that time. (ECF No. 90 at 2.) Settlement discussions continued and the parties reached a settlement of a related 504/ADA matter. (*Id.*) Through that settlement, $151,304.00 was allocated to Plaintiff for deposit into a special needs trust. (*Id.*)

After the 504/ADA case was settled, the parties met through the IDEA's Individualized Education Plan ("IEP") process and, through the advocacy of Plaintiff's parents and counsel, agreed to place Plaintiff at JREC, a more intensive facility. (ECF No. 90 at 2.) The motion describes JREC as "an intensive and comprehensive program designed to address J.B.'s unique needs." (*Id.*) Further, Plaintiff's needs "are currently being substantially met at his current placement and he is making incremental but meaningful progress at the present time." (*Id.*)

The settlement provides for payment of Plaintiff's attorneys' fees in the amount of $535,00.00.[4] (ECF No. 90 at 3.) From this amount, $80,200.00 will be reimbursed to Plaintiff's parents for prior attorney's fees payments. (*Id.*) The $40,000.00 balance of funds will be placed in a special needs trust under supervision of the state superior court. (*Id.* at 4; *see also* ECF No. 92.) Once created, Plaintiff's attorneys will deposit the funds into an account owned by the special needs trust. (*Id.*)

At the hearing on the motion, Plaintiff's parents addressed Plaintiff's improvement following his placement at JREC as well as their involvement in settlement discussions.

---

[3] Plaintiff also brought a related case alleging claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* (ECF No. 90 at 2.) That case, *J.B. v. Tuolumne County Superintendent of Schools, et al.*, Case No. 1:19-cv-00941-AWI-EPG, was resolved by settlement and dismissed.

[4] The parties were permitted to submit supplemental briefing regarding whether the Court was required to determine the reasonableness of Plaintiff's attorneys' fees in the context of a motion for approval of minor's compromise. Plaintiff's supplemental briefing states that the reasonableness of attorneys' fees is not at issue under *Robidoux,* 638 F.3d 1177. (ECF No. 99 at 2-3.) According to the supplemental briefing, Defendants' position is that the division and use of the settlement amount is an issue reserved for Plaintiff and his counsel. (*Id.* at 11.) The Court agrees that *Robidoux* requires an evaluation of the fairness of the minor plaintiff's net recovery "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel" and therefore declines to evaluate the reasonableness of the amount allocated to Plaintiff's attorneys' fees. *Robidoux,* 638 F.3 at 1182.

Plaintiff's parents indicated that they understood that Plaintiff was entitled to the remedies ordered by Judge Drozd without settlement but felt that the settlement was fair and reasonable and in Plaintiff's best interests, especially in light of his placement at JREC.

In support of his supplemental briefing, Plaintiff submitted a declaration from Corrie Billiet stating that it is her understanding that JREC has a policy or practice of not permitting outside educational providers to work with the students. (ECF No. 99-1 at 5.) According to Ms. Billiet's declaration, she met with relevant JREC staff, their legal counsel, and Plaintiff's counsel, and JREC concluded that additional services were not necessary either because the present IEP program already provided for those remedies or because outside service providers are not allowed. (*Id.* at 2.) Because the present IEP seemed to be decreasing Plaintiff's excess behavior and mental health issues, and given JREC's policies, Plaintiff's parents and counsel determined a value of the services Plaintiff might need upon graduation or if he "steps down" into a less restrictive program. (*Id.* at 3.) Plaintiff's supplemental brief provides a comprehensive chart addressing each remedy ordered by Judge Drozd as compared to the services offered through Plaintiff's current placement at JREC or how that remedy will be provided for through the settlement fund. (ECF No. 99 at 3-4.)

As to the portion of the settlement proceeds that will be used to reimburse Plaintiff's parents, Plaintiff's counsel provided copies of printouts from the firm's billing systems substantiating that they received payments from Plaintiff's parents in the amount of $80,290.00. (ECF No. 99-2 at Ex. B.)

Based on the foregoing, and the record in this case, the Court agrees that settlement of the underlying IDEA claims is in Plaintiff's best interest and that the settlement amount of $575,000.00, with $40,000.00 allocated to the minor plaintiff, is fair and reasonable. Accordingly, the Court will grant the motion.

**V.     ORDER**

Accordingly, IT IS HEREBY ORDERED THAT:

1.     Plaintiff's motion to approve minor's settlement (ECF No. 89), as amended (ECF No. 92), is GRANTED;

///

2. Settlement of this action in the amount of $575,000.00 is approved, with the settlement funds to be distributed as follows:

   a. Attorneys' fees in the amount of $535,000.00, payable to the Leigh Law Group, P.C., with $80,290.00 to be reimbursed to Plaintiff's parents;

   b. The remaining $40,000.00 shall be payable directly to a court-monitored special needs trust for Plaintiff, once established; and

3. The parties are directed to file appropriate papers to dismiss or conclude this action in its entirety within sixty (60) days of entry of this order.

IT IS SO ORDERED.

Dated: __**July 30, 2021**__                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

7